E\ ENAL ESTES *versus* WILBUR COOK.

An unrecorded deed of wild land is not, of itself, sufficient evidence of possession by
the grantee, to entitle him to maintain trespass against a third person.

TRESPASS *quare clausum*.  The trial was before *Putnam* J.
It appeared that the *locus* consisted of two lots of wild land,
situated in Clarksburgh, and described as lots No. 106 and
No. 107.

The plaintiff, in order to show his title to and possession
of lot No. 107, produced a deed thereof from David Estes to
the plaintiff, signed, sealed and delivered prior to the date of
the writ, but not acknowledged till after the commencement
of the action, and not recorded at the time of the trial.

In order to show his title to lot No. 106, the plaintiff intro-
duced in evidence a mortgage deed thereof from Manly Pad-
dleford to John F. Suydam, which deed was assigned to the
plaintiff by the sole surviving assignee of Suydam.  The as-
signment of the mortgage deed was duly executed, and ac-
knowledged before the action was commenced, but was n.
recorded at the time of the trial.

There was no evidence of any actual possession of the lots
by the plaintiff.

The judge ruled, that this evidence was insufficient to entitle
the plaintiff to his action, because the deed and the assignment
of the deed of mortgage were not recorded.

A verdict was rendered for the defendant.  If the ruling of
the judge was wrong, a new trial was to be granted.

*Sumner* and *Sayles*, for the plaintiff, cited *Marshall* v. *Fisk*,   *Sept.* 20th.
6 Mass. R. 24 ; 4 Dane's Abr. 19 ; *Wickham* v. *Freeman*,
12 Johns. R. 183 ; *Woodruff* v. *Halsey*, 8 Pick. 333.

*Robinson* and *D. N. Dewey*, for the defendant, was stopped
by the Court.

WILDE J. delivered the opinion of the Court.  This was   *Sept.* 21st,
an action of trespass *quare clausum*, the *locus in quo* being two
lots of wild uncultivated land, described as lots Nos. 106 and
107.  The plaintiff offered no evidence of actual possession
of the lots, but to prove a constructive possession, he intro-
duced two deeds to himself.  These deeds were duly execu-
ted before the commencement of the action, but were not

recorded at the time of the trial.   It was ruled at the trial, and we think correctly, that this evidence was insufficient to entitle the plaintiff to his action.

By the *St.* 1783, *c.* 37, § 4, it is enacted, that no bargain, sale, mortgage or other conveyance in fee simple, fee tail or for term of life, or any lease for more than seven years from the making thereof, of any lands, tenements or hereditaments within this Commonwealth, shall be good and effectual in law to hold such lands, tenements or hereditaments against any other person or persons but the grantor or grantors and their heirs only, unless the deed or deeds thereof be acknowledged and recorded in manner required by the statute.

By the express words of the statute a deed not recorded is declared void as against all persons but the grantor or grantors and their heirs only ; and this has been the uniform construction of the statute, and of a similar provision in the Provincial statute of 9 *Will.* 3, *c.* 7.   The object of the provision was to give notoriety to the transfer of real estate, by recording the conveyance as a substitute for the ceremony of livery and seism required by the common law to give validity to a deed of feoffment, and to prevent the fraud and deception which might be practised, if a deed of bargain and sale were valid and effectual to pass the estate, without some act to give notoriety to the transfer.

The only question that has arisen as to the construction and operation of this provision in the statute, is, whether, if the grantee enters under his deed and continues in the open and undisturbed possession of the granted premises, or if a subsequent purchaser has notice of a prior conveyance, such possession or notice would be equivalent to the recording of the prior deed.   But, as Judge *Trowbridge* remarks, " it is not the deed of conveyance alone that enables the first purchaser to hold the land against the second, without recording his deed, but it is his possession.   Proof of that, without showing the deed, is sufficient."   Trowbridge's Reading, 3 Mass. R. 573.

This question however does not arise in the present case ; for there was no evidence that the plaintiff ever entered under his deeds, or had any possession of the granted premises.

                              *Judgment on the verdict.*